IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Simmons, | C/A No.: 3:24-105-SAL-SVH |
| Plaintiff, | |
| v. | ORDER AND NOTICE |
| Peter S. Trent, M.D., | |
| Defendant. | |

Charles Simmons ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this complaint pursuant to 28 U.S.C. § 1332 against Peter S. Trent, M.D. ("Defendant") arising out of a surgery over a decade ago. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

I.    Factual and Procedural Background

Plaintiff, a citizen of Richland County, South Carolina, brings this action against Defendant, a citizen of Charles County, Maryland. [ECF No. 1 at 2, 3]. He alleges Defendant "design[ed] a mix and match off-lable [*sic*] medical device" and abandoned him following surgery at George Washington Hospital on April 26, 2013, resulting in a revision surgery on April 29, 2013. *Id.* at 5, 7. He claims he sustained an "intraoperative femur fracture, loosening and dislocation of the acetabular and femoral components, 2 cm shortening in leg

length, arthritis in the lumbar spine, permanent disability, pain and suffering, and hemorrhaging." *Id.* at 5. He further appears to indicate Defendant did not disclose the medical error and did not obtain his informed consent. *Id.* at 7.

Plaintiff requests the court award him $150,000 to $175,000 for pain and suffering. *Id.* at 5, 9.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating

a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  Insufficient Facts to Support Alleged Causes of Action

Plaintiff attempts to allege causes of action based on two federal regulations, 21 U.S.C. § 360j(e) (Section 520(e) of the Federal Food, Drug, and Cosmetic Act) and 38 C.F.R. § 17.32, and a South Carolina Regulation, S.C. Code Ann. Regs. § 81-60. [ECF No. 1 at 7]. He has not alleged sufficient facts to support a cause of action under any of the three.

Section 520(e)(1) provides conditions under which "[t]he Secretary may by regulation require that a device be restricted to sale, distribution, or use . . . if, because of its potentiality for harmful effect or the collateral measures necessary to its use, the Secretary determines that there cannot otherwise be reasonable assurance of its safety and effectiveness." 21 U.S.C. § 360j(e). It does not create a private right of action, and Plaintiff has not alleged Defendant implanted a device in violation of any rule restricting its sale, distribution, or use.

Although Plaintiff alleges Defendant designed the medical device that caused him harm, it does not appear that Defendant is a manufacturer, propagator, compounder, or processor of a device to which the regulation applies. *See* 21 U.S.C. § 360. It appears Defendant is the surgeon who implanted a medical device that subsequently required revision or replacement.

4

Plaintiff indicates he is pursuing a claim for "not inform consent." [ECF No. 1 at 7]. He references 38 C.F.R. § 17.32, which addresses "Informed consent and advance directives" under the Department of Veterans Affairs ("VA"). *Id.* It is not clear whether this regulation is applicable because Plaintiff did not allege Defendant provided services through the VA.

Plaintiff also indicates he is pursuing a claim for "non disclosure of medical error an egregious violation" and alludes to § 81-60. *Id.* This appears to be a reference to S.C. Code Ann. Regs. § 81-60, entitled "Principles for Medical Ethics." Although Plaintiff is a citizen of South Carolina, he has alleged Defendant is a resident of Maryland and the actions giving rise to his claim occurred in Maryland. Thus, it does not appear that South Carolina's Principles for Medical Ethics would be applicable to Defendant.

Plaintiff's complaint does not contain sufficient factual allegations to support causes of action under 21 U.S.C. § 360j(e), 38 C.F.R. § 17.32, or S.C. Code Ann. Regs. § 81-60. Therefore, these claims are subject to summary dismissal.

    2.    Lack of Personal Jurisdiction

In *Neitzke*, 490 U.S. at 324, the Supreme Court explained:

> Section 1915(d) [the precursor to § 1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule

of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims against which it is clear that the defendants are immune.

Although personal jurisdiction is an affirmative defense that may be raised or waived by the defendant, Fed. R. Civ. P. 12(b)(2), (h)(1), multiple appellate courts have relied on the above language in *Neitzke* to find district courts may raise affirmative defenses *sua sponte* under limited circumstances when reviewing cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Trujillo v. Williams*, 405 F.3d 1210, 1217 (10th Cir. 2006); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953–54 (4th Cir. 1995); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Street v. Vose*, 936 F.2d 38, 39–41 (1st Cir. 1991); *Ali v. Higgs*, 892 F. 2d 438, 440 (5th Cir. 1990); *Fraley v. Ohio Gallia County*, 166 F.3d 1213 (Table), 1998 WL 789385, at *1 (6th Cir. 1998). The Fourth Circuit has held that a district court may dismiss a cause *sua sponte* when an affirmative defense is evident on the face of the complaint. *See Nasim*, 64 F.3d at 953–54.

This court considered personal jurisdiction *sua sponte* in reviewing a complaint under § 1915 in *Edwards v. Zenk*, C/A No. 3:09-2340-MBS, 2009 WL 3617589 (D.S.C. Oct. 28, 2009). The court stated that "[b]y its own title, Rule 4(e) of the Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States"), suggests that persons outside a given

judicial district cannot be brought into that district court," unless the state law allows it. *Id.* at *2. South Carolina law provides for personal jurisdiction "based upon enduring relationship" over "a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action." S.C. Code Ann. § 36-2-802. It also permits the courts to exercise personal jurisdiction "based upon conduct." S.C. Code Ann. § 36-2-803. Pursuant to S.C. Code Ann. § 36-2-803:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to action arising from the person's:
>
> (1) transacting any business in the State;
> (2) contracting to supply services or things in the state;
> (3) commission of a tortious act in whole or in part in this State;
> (4) causing tortious injury or death in this state by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
> (5) having an interest in, using, or possessing real property in this State;
> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
> (7) entry into a contract to be performed in whole or in part by either party in this State; or
> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

7

Plaintiff has not alleged facts in the complaint that suggest this court may exercise personal jurisdiction over Defendant. He alleges Defendant is a resident of Maryland and fails to allege any facts that support the existence of personal jurisdiction based upon enduring relationship under S.C. Code Ann. § 36-2-802. He states the activity on which he bases his claim occurred in Maryland and does not claim Defendant transacted business in South Carolina, contracted to supply services in South Carolina, committed a tortious act in South Carolina, regularly does or solicits business in South Carolina, engages in a persistent course of conduct or derives substantial revenue for goods used or consumed or services rendered in South Carolina, has an interest in, uses, or possesses property in South Carolina, entered into a contract to be performed in South Carolina, or produced, manufactured, or distributed goods with the reasonable expectation that they would be used or consumed in South Carolina. *See* S.C. Code Ann. § 36-2-803. Thus, it appears from the face of Plaintiff's complaint that this court lacks personal jurisdiction over Defendant. Accordingly, the complaint is subject to summary dismissal for lack of personal jurisdiction over Defendant.

      3.     Improper Venue

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua*

*sponte* whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391:

> (b)  Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Waytes v. City of Charlottesville*, 153 F.3d 725 (Table), 1998 WL 468776, at *1 (4th Cir. 1998) ("The district court, confronted with a case laying venue in the wrong district, is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice.").

Although Plaintiff resides in South Carolina, "[a] plaintiff's residence is not among the three categories listed in § 1391(b)." *Yates v. Town of Wallace, NC*, C/A No. 4:20-4127-RBH, 2021 WL 211493, at *1 (D.S.C. Jan. 21, 2021). Plaintiff alleges Defendant resides in Maryland, suggesting venue in the

District of South Carolina is not appropriate under § 1391(b)(1). Plaintiff further claims a substantial part of the events or omissions giving rise to the claim occurred in Maryland, which would make venue in South Carolina inappropriate under § 1391(b)(2). Because Defendant resides in Maryland and the events giving rise to the claim occurred in Maryland, it appears that Plaintiff should have brought the case in the District of Maryland.[1]

---

[1] Although venue may be appropriate in Maryland, it appears the interests of justice do not require the case's transfer. In *Waytes*, 1998 WL 468776, at *1, the court found "[t]he applicable two-year statute of limitations had expired long before th[e] lawsuit was filed" and held it was "not in the interest of justice to transfer the matter to another district, where the case was subject to dismissal as time-barred." Plaintiff's complaint, construed liberally, appears to state a claim for medical malpractice that occurred and was discovered in April 2013.

In *Brunenkant v. Suburban Hosp., Inc.*, No. 23-CV-01181-LKG, 2023 WL 7487160, at *3 (D. Md. Nov. 13, 2023), the court explained:

> Section 5-109 of the Maryland Code's Courts and Judicial Proceedings Article sets forth the statute of limitations for claims filed against health care providers arising out of the care and services that they provide. Md. Code Ann., Cts. & Jud. Pro. § 5-109. Section 5-109 provides that:
> 
> > (a) An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider, as defined in § 3-2A-01 of this article, shall be filed within the earlier of:
> > (1) Five years of the time the injury was committed; or
> > (2) Three years of the date the injury was discovered.
> 
> *Id.* Maryland courts have held that a plaintiff has a maximum of 5 years following the date on which the injury was committed by medical malpractice to file a claim, regardless of whether the cause of action was reasonably discoverable. *See Thomas v. Shear*, 247 Md. App. 430, 474, 236 A.3d 781, 807 (2020). And so, the 5-year

10

Accordingly, the case is subject to transfer or summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 7, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

January 17, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

limitations period under Section 5-109 will run its full length only under circumstances where the 3-year limitations period does not operate to bar a claim at an earlier date. *Id.*

11